MONIQUE C. WINKLER (Cal. Bar No. 213031)
  winklerm@sec.gov
JASON H. LEE (Cal. Bar No. 253140)
  leejh@sec.gov
JOHN K. HAN (Cal. Bar No. 208086)
  hanjo@sec.gov
ERIN E. WILK (Cal. Bar No. 310214)
  wilke@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 700
San Francisco, CA 94104
(415) 705-2500

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM K. ICHIOKA, <br><br> Defendant. | Case No. 3:23-cv-03093-VC <br><br> STIPULATION TO ENTER FINAL JUDGMENT AND [PROPOSED] FINAL JUDGMENT |

Plaintiff Securities and Exchange Commission ("SEC") and Defendant William K. Ichioka ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby agree and stipulate as follows:

WHEREAS, on June 22, 2023, the SEC filed its Complaint in this action (ECF No. 1);

WHEREAS, at the time the Complaint was filed, the Parties reached a partial settlement and the Court approved and entered the Parties' proposed judgment on August 14, 2023 (ECF No. 15) which: (a) resolved liability under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-

5], Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], and Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)]; (b) entered injunctions against Defendant permanently enjoining him from violation of these provisions of the Exchange Act, Securities Act, and Advisers Act; (c) entered an injunction restraining and enjoining Defendant from participating in the issuance, purchase, offer, or sale of any securities, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal account; and (d) entered an order barring Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

WHEREAS, the judgment of August 14, 2023, entered based on the Parties' settlement, left unresolved the amount of disgorgement and civil penalties to be paid by Defendant;

WHEREAS, in a related criminal case before this Court, *United States v. William Koo Ichioka*, Case No. 3:23-cr-00190-VC (the "criminal case"), Defendant pled guilty to the charges of wire fraud, aiding or assisting in the preparation of a false or fraudulent tax return, securities fraud, and commodities fraud (Criminal Case, ECF No. 119);

WHEREAS in the related criminal case, the Court entered an Amended Judgment (Criminal Case, ECF No. 119) on July 19, 2024, which recorded Defendant's sentence as, among other things, forty-eight months imprisonment, a fine of $5,000,000, and restitution in the amount of $31,330,715.86;

WHEREAS, in light of the conviction and sentencing in the criminal case, the SEC and Defendant agree that the Court should enter an order that Defendant is liable for disgorgement in the amount of $30,994,308.97 and prejudgment interest in the amount of $336,406.89, for a total of $31,330,715.86, which is deemed satisfied by the order of restitution entered against Defendant in the criminal case (s*ee* Criminal Case, Amended Judgment (ECF No. 119) and Final Restitution List (ECF No. 118) at 8);

WHEREAS, in light of the conviction and sentencing in the criminal case, the SEC has decided to no longer pursue its claim for a civil penalty;

WHEREAS, the Parties agree the Court may now enter the [Proposed] Final Judgment (attached as Exhibit 1) which is substantively identical to the judgment of August 14, 2023, but incorporates the Parties' settlement as to disgorgement and no civil monetary penalty in Section VI, and removes the prior Section VIII of the judgment of August 14, 2023 (regarding the discharge in bankruptcy of debts owed pursuant to the judgment);

WHEREFORE, the Parties stipulate to, and respectfully request that the Court enter, the [Proposed] Final Judgment filed herewith.

STIPULATED AND AGREED TO BY:

Respectfully submitted,

Dated: January 8, 2025

 /s/ John K. Han
John K. Han
Securities and Exchange Commission
44 Montgomery Street, Suite 700
San Francisco, CA 94104
Attorney for Plaintiff Securities and Exchange Commission

 /s/ Gary S. Lincenberg (jkh with permission)
Gary S. Lincenberg
Bird, Marella, Rhow, Lincenberg, Drooks & Nessim, LLP
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
Attorney for Defendant

# EXHIBIT 1

# [Proposed] Final Judgment

MONIQUE C. WINKLER (Cal. Bar No. 213031)
  winklerm@sec.gov
JASON H. LEE (Cal. Bar No. 253140)
  leejh@sec.gov
JOHN K. HAN (Cal. Bar No. 208086)
  hanjo@sec.gov
ERIN E. WILK (Cal. Bar No. 310214)
  wilke@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 700
San Francisco, CA 94104
(415) 705-2500 (Telephone)
(415) 705-2501 (Facsimile)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:23-cv-03093-VC |
| Plaintiff, | |
| vs. | [PROPOSED] FINAL JUDGMENT |
| WILLIAM K. ICHIOKA, | |
| Defendant. | |

The Securities and Exchange Commission having filed a complaint, and Defendant William K. Ichioka ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means

or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Sections 21(d)(1) and 21(d)(5) of the Exchange Act [15 U.S.C. §§ 78u(d)(1) and (5)], Section 20(b) of the Securities Act [15 U.S.C. § 77t(b)], and Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)], Defendant is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any securities, provided however, that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement in the amount of $30,994,308.97 and prejudgment interest in the amount of $336,406.89, for a total of $31,330,715.86, which is deemed satisfied by the order of restitution entered against Defendant in *United States v. William Koo Ichioka*, Case No. 3:23-cr-00190-VC.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of William K. Ichioka to Judgment (ECF No. 4-1) and the Parties' Stipulation to Enter Final

Judgment are incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

### VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IT IS SO ORDERED.

DATED:

_____
HON. VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE